UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GJC INTERESTS OF FLORIDA
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                                                                         Case No. 6:17-cv-1398-Orl-37TBS

GENEVA FOODS, LLC; PETER A.
CORTEVILLE; THOMAS BANDEMER;
and PACA FOODS LCC,

    Defendants.

_____

**ORDER**

This cause is before the Court on its own motion. In what has become an all too familiar exercise, the Court must again dismiss a complaint for failure to sufficiently plead the citizenship of the parties. Such careless pleading is egregious enough on its own but, here, Plaintiff's Complaint also constitutes an impermissible shotgun pleading. For these reasons, the Complaint is due to be dismissed without prejudice. "Federal courts exercise limited subject matter jurisdiction," and, as such, are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). For that reason, a fundamental understanding of the nature of federal jurisdiction is essential to practicing in United States District Court. Discovering the proper jurisdictional pleading requirements for establishing diversity jurisdiction under 28 U.S.C. § 1332 requires only rudimentary research skills and much less time than that

consumed by the Court in ferreting out the deficiencies, directing correction and reviewing the response for compliance. Counsel would be well advised to do some basic research before submitting pleadings that miss the mark so woefully.

## I. Jurisdictional Allegations

In the Complaint, Plaintiff alleges that the Court has jurisdiction under 28 U.S.C. § 1332 and the Declaratory Judgment Act ("**the Act**"). (Doc. 1, ¶¶ 2, 8.) However, "the operation of the [Act] is procedural only." *Household Bank v. JFS Grp.*, 320 F.3d 1249, 1253 (11th Cir. 2003) (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937)). By its own terms, the Act requires plaintiffs to allege "facts showing that the controversy is within the court's original jurisdiction." *Id.* (citing 28 U.S.C. § 2201(a)). "*If* there is an underlying ground for federal court jurisdiction, the [Act] allows parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Id.* (emphasis added). Evidently then, Plaintiff cannot rely on the Act without an independent basis for jurisdiction. So the Court turns to Plaintiff's diversity jurisdiction allegations.

District courts have original jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "To meet the jurisdictional requirements of § 1332(a), the citizenship of each plaintiff must be different from that of each defendant." *Holston Invs., Inc. B.V.I. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). The Court is unable to determine whether complete diversity exists in this action because Plaintiff has not properly alleged the citizenship of the parties.

First, Plaintiff fails to adequately allege the citizenship of the individual parties to this action. The citizenship of an individual is determined by domicile, which is established by residence *plus* an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Plaintiff's allegations that Defendants Peter A. Corteville and Thomas Bandemer are *residents* of Georgia and Florida, respectively (Doc. 1, ¶¶ 5, 6), are insufficient. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). While courts may consider a party's residence as *one* consideration indicating domicile, Plaintiff has wholly failed to supplement the foregoing residence allegations. *See Taylor v. Am. Heritage Church Fin., Inc.*, No. 6:10-cv-559-Orl-31GJK, 2010 WL 2991572, at *2 (M.D. Fla. Jul. 27, 2010). For example, other factors considered when assessing the domicile of a party include payment of taxes, voter registration, driver's licenses, location of property, location of bank accounts, and membership in clubs, churches, and other associations. *Id.*

Second, Plaintiff has also failed to sufficiently plead the citizenship of the business entities in this action. Despite Plaintiff's attempt to characterize these entities as corporations (*see* Doc. 1, ¶¶ 3, 4, 7), as indicated by their names, Plaintiff GJC Interests of Florida Limited Partnership, Defendant Geneva Foods, LLC, and Defendant Paca Foods, LLC (collectively, "**Unincorporated Parties**") are unincorporated entities. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). For purposes of diversity jurisdiction, the citizenship of an "unincorporated entity generally depends on

the citizenship of all the members composing the organization." *Rolling Greens*, 374 F.3d at 1021 (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990)). Thus, the Unincorporated Parties are citizens of any state where one or more of their members are citizens. *See id*. Because Plaintiff has mistakenly asserted the citizenship allegations for a *corporation*, *see* 28 U.S.C. 1332(c)(1), it has failed to demonstrate complete diversity between the parties. To assure itself of its jurisdiction, the Court will require Plaintiff to identify *each* member of the Unincorporated Parties and allege the citizenship of each member individually.

## II. Shotgun Pleadings

Finally, Plaintiff's Complaint is a shotgun pleading. Shotgun pleadings come in a variety of forms. *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (describing four categories of shotgun pleadings). The most common type "is [one] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* at 1321. Such pleadings impose on the Court the onerous task of sifting out irrelevancies to determine which facts are relevant to which causes of action. *See id.* at 1323. Described as "altogether unacceptable," by the U.S. Court of Appeals for the Eleventh Circuit, when a shotgun pleading is filed in this Court, repleader is required. *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014). If the Court does not require repleader, then "all is lost." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Complaint evidences a modified version of the most common form of shotgun pleading, as Counts V through VIII incorporate each of the preceding allegations. (*See* Doc. 1, ¶¶ 50, 62, 73, 81.) Despite its deviation from the prototype, this too is impermissible. As such, the Complaint must be dismissed. If Plaintiff chooses to replead, the amended complaint must clearly delineate which factual allegations are relevant to each claim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2. On or before Friday, **August, 11, 2017**, Plaintiff may file an amended complaint that remedies the various deficiencies set forth in this Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record