UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GJC INTERESTS OF FLORIDA
LIMITED PARTNERSHIP,

    Plaintiff,

v.                                Case No. 6:17-cv-1398-Orl-37TBS

GENEVA FOODS, LLC; PETER
A. CORTEVILLE; THOMAS
BANDEMER; and PACA FOODS LLC,

    Defendants.

**ORDER**

This cause is before the Court on its own motion. On August 1, 2017, the Court dismissed Plaintiff's initial complaint due to multiple pleading flaws. (*See* Doc. 6 ("**August 1 Order**").) The most troubling of these shortcomings was Plaintiff's failure to properly demonstrate *any* of the parties' citizenship, as required to establish diversity jurisdiction. (*See id.*) Plaintiff's amended pleading has remedied some of these deficiencies, but others remain. So the Court must again dismiss Plaintiff's complaint for lack of subject matter jurisdiction. It is safe to say that this case is not off to a good start.

Under 28 U.S.C. § 1332(a)(1), U.S. district courts have jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. Thus, to invoke such jurisdiction, Plaintiff must sufficiently plead the citizenship of each party. It has not.

As the Court pointed out in its August 1 Order, Plaintiff—GJC Interests of Florida Limited Partnership—is a limited partnership. (Doc. 6, p. 3); *see also GJC Interests of Florida Limited Partnership*, Nev. Secretary of St., http://nvsos.gov/sosentitysearch/CorpDetails.aspx?lx8nvq=Cve3%252bxOKtaVX%252fKleNuskew%253d%253d&nt7=0 (last visited August 12, 2017) (confirming that Plaintiff is a domestic limited partnership). A limited partnership is an *un*incorporated entity, not a corporation. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004). And "a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens." *Rolling Greens*, 374 F.3d at 1021. For a second time, Plaintiff incorrectly states that it is a citizen of Nevada because it is a Nevada corporation with its principal place of business in Carson City, Nevada. (Doc. 9, ¶ 3; *see also* Doc. 1, ¶ 3.) But according to its name, the Nevada Secretary of State, and the first page of Plaintiff's Amended Complaint, Plaintiff is a limited partnership. Hence to establish its citizenship, Plaintiff must identify each of its general and limited partners and allege the citizenship of each partner individually.

Plaintiff has also failed to adequately demonstrate the citizenship of Defendants Geneva Foods, LLC ("**Geneva**") and Paca Foods, LLC ("**Paca**"). As their names indicate, Geneva and Paca are limited liability companies ("**LLCs**"). To allege their citizenship, Plaintiff must list all the members of each LLC and individually allege their citizenship. *See Rolling Greens*, 374 F.3d at 1022.

Relying on "information and belief," Plaintiff asserts that Defendants Peter A. Corteville and Thomas Bandemer are the sole members of Geneva. (Doc. 9, ¶ 4.) But

Courts have held that allegations concerning a party's citizenship based only "on information and belief" are insufficient. *See Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d. 896, 901 (7th Cir. 2010). Indeed, when alleging citizenship, Federal Rule of Civil Procedure 11 imposes a "duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992); *see also Comprehensive Care Corp. v. Katzman*, No. 8:09-cv-1375-T-24-TBM, 2010 WL 2293248, at *3 (M.D. Fla. June 7, 2010). Plaintiff must remedy this.

With respect to Paca's members, Plaintiff alleges only that Michael T. Shepardson is *a* member. (Doc. 9, ¶ 7.) This allegation does not assure the Court of its jurisdiction. To do so, Plaintiff must definitively list *each* member of Paca and allege each member's citizenship individually. If Mr. Shepardson is the sole member of Paca, Plaintiff must say so.

The Court has previously explained the importance of properly researching and alleging the citizenship of the parties when invoking diversity jurisdiction. (*See* Doc. 6, pp. 1–2.) It will not belabor this point again except to reiterate that federal courts are courts of limited jurisdiction and limited resources. If Plaintiff cannot properly bring this action within such jurisdiction, it must pursue its claims in state court.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's First Amended Complaint (Doc. 9) is **DISMISSED** for lack of

---

[1] For a comprehensive list of the most common pleading mistakes in diversity actions, Plaintiff is advised to read the Court's Order in *Millennium Cove Condominium Association, Inc. v. Certain Underwriters at Lloyd's, London*, Case No. 6:17-cv-1362-Orl-37GJK, Doc. 8.

subject matter jurisdiction.

2. On or before Tuesday, **August 22, 2017**, Plaintiff may file an amended complaint that resolves the jurisdictional deficiencies identified in this Order. Failure to adequately or timely do so may result in dismissal without leave to amend.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 14, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record